# Richmond.

York County v. City of Newport News;
York County and Commonwealth of Virginia v.
Old Dominion Land Co;
York County and Commonwealth of Virginia v.
Newport News Light and Water Co.*

January 16, 1930.

Absent, Chichester, J.

The opinion states the case.

*W. E. Hogg* and *Sydney Smith*, for the plaintiffs in error.

*McMurran & Murray, R. M. Lett* and *S. R. Buxton*, for the defendants in error.

Prentis, C. J., delivered the opinion of the court.

With one exception, the issues in this case raise identical questions of law which have been this day decided in the cases of *Warwick County* v. *City of Newport News, Warwick County and Commonwealth of Virginia* v. *Old Dominion Land Company*, and *Warwick County and Commonwealth of Virginia* v. *Newport News*

---

\* See *Warwick County* v. *City of Newport News, ante,* page 789, 151 S. E. 417.

*Light and Water Company, ante,* page 789, 151 S. E. 417. We shall avoid any unnecessary repetition: The opinion in those cases should be read in order to comprehend this opinion.

The property involved now belongs to the city of Newport News, but is located in the county of York. It consists chiefly of the Harwood's Mill reservoir, owned by the city of Newport News as a part of its water works system. These three cases were heard together, but the issues are distinct.

*First.* In the county of York the water works property of the city of Newport News, situated in that county, was assessed and local levies imposed thereon for the year 1927. The trial court granted the prayer of the city of Newport News and held this assessment and levy to be invalid, as contrary to Constitution, section 183. It exonerated the city of Newport News from the payment of any taxes for the year 1927. For the same reasons which are stated in the *Warwick County Case,* we are of opinion that this order is erroneous, and therefore it will be reversed.

*Second.* The Old Dominion Land Company made application for exoneration from taxes upon all of its property which it conveyed to the city of Newport News as of June 30, 1926, for the seven months from and after that date to February 1, 1927—that is, for seven twelfths of the tax year. It was conceded that the tax year, as to its property, began February 1, 1926, and ended January 31, 1927. The Old Dominion Land Company only claimed exonerations from taxation from and after the date of its conveyance to the city of Newport News. The trial court granted the prayer of its petition. For the reasons stated in the *Warwick County Case,* we are of opinion that this conclusion is correct, and that the

Old Dominion Land Company was only liable for the taxes for five twelfths of the taxable year which had elapsed at the time of the conveyance. For the reasons stated in the *Warwick County Case, ante,* page 789, 151 S. E. 417, the order exonerating the Old Dominion Land Company from taxes for the seven twelfths of the tax year is affirmed.

*Third. York County and Commonwealth of Virginia* v. *Newport News Light and Water Company.* The Newport News Light and Water Company, which had already paid five twelfths of the taxes for the taxable year beginning February 1, 1926, claimed that it was entitled to have the amount so paid refunded to it as having been erroneously exacted of it. This was based upon the contention that as to the Newport News Light and Water Company, a public service corporation, its taxable year did not begin until June 30, 1926, and that therefore it only owed taxes for one day, and was entitled to exoneration from all other taxes for the taxable year. The trial court sustained these contentions. For the reasons which are stated in the *Warwick County Case,* we are of opinion that this order is erroneous, and it is therefore reversed.

The question in this case which differentiates it from the *Warwick County Case, ante,* page 789, 151 S. E. 417, is the claim of the county of York that the property in York county now owned by the city of Newport News which it claims to be a part of its water works system, is unnecessary for the operation of that system, and hence in no event should be held to be exempt from taxation as a part of the water works system used wholly and exclusively by the city of Newport News for public purposes. The trial court held otherwise, and we perceive no reason for doubting the correctness of this conclusion; but it is unnecessary

to elaborate the point, because, for the reasons stated in the *Warwick County Case, ante,* page 789, 151 S. E. 417, the company, until its conveyance to the city of Newport News, was subject to the same taxation upon its property as that imposed upon the other owners of property located in York county for five twelfths of the taxable year beginning February 1, 1926, under the statutes then in force.

The cases are remanded to the Circuit Court of York county for such further orders, if any, as may be necessary to enforce the conclusions which we have stated.

*Partly reversed and remanded.*